F I L E D
Clerk
District Court

MAR 22 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN H. DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH ELECTION COMMISSION; FRANCES M. SABLAN, Chairperson of Commonwealth Election Commission; ROBERT A. GUERRERO, Executive Director of Commonwealth Election Commission; BENIGNO R. FITIAL, CNMI Governor; ELICEO D. CABRERA, Speaker of the House of Representatives, 17th CNMI Legislature; and PAUL A. MANGLONA, President of the Senate, 17th CNMI Legislature, <br><br> Defendants.[1] | Case No.: 1-12-CV-00001 <br><br> DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss," Dkt. No. 10). The Court has also reviewed Defendants' supporting memorandum ("Memorandum," Dkt. No. 11), Plaintiff's opposition brief ("Opposition," Dkt. No. 16), and Defendants' reply brief ("Reply," Dkt. No. 19). After oral argument by the parties on March 22, 2012, the Court granted in part the Motion to Dismiss without prejudice and gave Plaintiff fourteen days in which to file a second amended complaint. This written Decision explains the reasons for the Court's Order.

---

[1] Defendants Cabrera and Manglona have been voluntarily dismissed from the action. (*See* Plaintiff's Notice of Voluntary Dismissal, Dkt. No. 9.)

## I.   Background

On January 3, 2012, Plaintiff John H. Davis, Jr. ("Davis") filed an Amended Complaint (Dkt. No. 2) asking the Court to enjoin Defendants from "denying United States citizens who are not of Northern Marianas descent the right to vote on any issue regarding Article XII of the Commonwealth Constitution or on any other issue and [to declare] Article XVIII § 5( c) of the Commonwealth Constitution and Public Law 17-40 to be null and void in violation of the 14th and 15th Amendments of the United States Constitution." (Am. Compl. ¶ 1.)  Davis asserts that the Court has jurisdiction over the action pursuant to § 402(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant," codified at 48 U.S.C. § 1801 note), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act). (Am. Compl. ¶ 2.)  On January 27, 2012, Defendants moved to dismiss the case for failure to state a claim upon which relief can be granted.  They assert that because Davis has not pled a right of action under 42 U.S.C. § 1983 to redress the alleged violation of his civil rights under the U.S. Constitution, he has not stated a cognizable legal theory for relief. (Mem. at 4–5.)  Furthermore, they ask the Court to dismiss with prejudice and without leave to amend as to Defendant Commonwealth Election Commission ("CEC") on grounds that the CEC is not a "person" subject to suit under § 1983. (Mem. at 5.)

Davis responded, on February 22, 2012, that "this is not a § 1983 case.  This is an action for declaratory judgment and injunctive relief seeking to prevent the unconstitutional deprivation of plaintiff's right to vote." (Dkt. No. 16, Opp. at 3.)  At the March 22 hearing, the Court invited Davis to reconsider his position, and Davis declined.

## II.   Standards

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A pleading that states a claim for relief must contain "a short and plain statement of *the grounds for the court's jurisdiction*" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1),(2) (emphasis

added.)  Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).  A Rule 12(b)(6) dismissal may be based on "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC,* 2011 U.S. App. LEXIS 25168 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).

### III.   Discussion

It is expressly the province of Congress to "enforce . . . by appropriate legislation" the provisions of the Fourteenth and Fifteenth Amendments.  U.S. Const. amend. XIV, § 5; amend. XV, § 2.[2]  Any action for relief from violation of rights guaranteed by those amendments must, therefore, be grounded in federal statutes.  For example, 42 U.S.C. § 1983, originally § 1 of the Civil Rights Act of 1871, was enacted "for the express purpose of 'enforc[ing] the Provisions of the Fourteenth Amendment.'"  *Mitchum v. Foster,* 407 U.S. 225, 238 (1972) (citing 17 Stat. 13).

The statutes on which Davis relies in the Amended Complaint do not provide such a cause of action.  They grant the district court jurisdiction to entertain actions arising under the Constitution ("federal question" jurisdiction, 28 U.S.C. § 1331) and to declare the rights of any interested party "upon the filing of an appropriate pleading" (28 U.S.C. § 2201).  In other words, if a plaintiff has a right of action under United States law, then a district court may fashion declaratory relief separate from or in addition to any other remedy that may be available.  *Cf. Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.,* 642 F.3d 849, 853 (9th Cir. 2011) (explaining that Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, does not confer jurisdiction).  Davis must look elsewhere than these statutes to establish subject matter jurisdiction.

Courts have sometimes held that a failure to reference § 1983 or other statutory or

---

[2] The Fifteenth Amendment and § 1 of the Fourteenth Amendment are applicable within the Commonwealth of the Northern Mariana Islands.  Covenant, § 501(a).

1  common-law sources of civil rights action is "not fatal . . . at the pleading stage." *Smith v. Mich.*

2  *Dep't of Corr.,* 765 F. Supp. 2d 973, 981 (E.D. Mich. 2011); *see also Monroe v. Mueller,* 2010

3  U.S. Dist. LEXIS 121027 (E.D. Mo. Nov. 16, 2010) (liberally construing complaint as having

4  been brought under § 1983 and *Bivens* (U.S. 1971)).  Davis, however, has staunchly maintained

5  that "this is not a § 1983 case." (Opp. at 3.)  The Court will not force a party to proceed with a

6  law suit on a cause of action which he has, thus far, openly disavowed.  The Amended Complaint

7  must, therefore, be dismissed.

8

9        IV.   **Conclusion**

10        For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss

11  without prejudice to Davis, and GRANTS Davis **fourteen days** from the date of this Order in

12  which to file a second amended complaint redressing the aforementioned deficiencies.  Because

13  the Court has declined to construe the Amended Complaint as a § 1983 action, the Court does

14  not reach Defendants' request to dismiss CEC from the case.  If Davis files a second amended

15  complaint, Defendants may respond within the time provided by Fed. R. Civ. P. 15(a)(3).  The

16  Court notes that the parties have also filed and fully briefed cross motions for summary

17  judgment. (*See* Dkt. Nos. 14, 20.)  Because Defendants' Motion to Dismiss has in pertinent part

18  been granted, the summary judgment motions are moot, and the Court does not rule on their

19  merits.  If Davis re-pleads the complaint properly, the parties may re-notice the summary

20  judgment motions for a hearing.  This Decision and Order dismissing the case without prejudice

21  for failure to state a claim does not reach the merits of Defendants' argument, first raised in

22  opposition to Davis's summary judgment motion (*see* Dkt. No. 18), that the Court lacks

23  jurisdiction because Davis's claims are not ripe.

24        IT IS SO ORDERED this 22nd day of March, 2012.

25

26                                  RAMONA V. MANGLONA

27                                  Chief Judge

28